## E. W. JOHNSON *v.* A. G. HUNTER.

PLEADING AND PRACTICE. *Quia tam actions. Bonds. Pauper's oath.* *Quia tam* actions must be prosecuted with bond and security. The right to sue in *forma pauperis* is a personal right, not a privilege to be exercised in a representative capacity.

Cases cited: Green *v.* Harrison, 3 Sneed, 131; McCoy *v.* Broderick, 3 Sneed, 203.

Code cited: Sections 1305, 3192.

### FROM DYER.

Appeal from the Circuit Court. S. W. COCHRAN, Judge, *pro tem.*

T. M. ANDREWS for complainant.

LATTA & MARSHALL for defendant.

DEADERICK, C. J., delivered the opinion of the Court.

This is a *quia tam* action for obstructing a navigable stream by building a dam across it.

The plaintiff instituted the suit in the circuit court of Dyer county, by taking the *pauper's* oath, and on motion the suit was dismissed, upon the ground that he could not prosecute such a suit without giving bond with security. Plaintiff has appealed to this court, having given bond and security for his appeal.

The argument is made, that the right to sue *in forma pauperis* is a personal right strictly, and that it is a privilege not to be exercised in any representative capacity; 3 Sneed, 131; *Ibid,* 203; and that the suit in this case is brought in behalf of the State as well as in behalf of plaintiff.

It is true, under section 1305 of the Code, one-half of any recovery which may be had, goes to the State, yet the suit is prosecuted by plaintiff alone, the State being no party thereto.

Section 3192 of the Code, authorizes any person, on taking a prescribed oath, to prosecute an action without giving security, in all cases except for false imprisonment, malicious prosecution and slander.

In addition to these excepted cases, by reason of the statutory requirements in actions of replevin and in forcible entry and detainer, in certain contingencies it has been held by this court bonds and security are required.

But the statutes and oath to be taken in prosecutions without giving security, seem to contemplate a

Johnson *v.* Hunter.

provision for the purpose of affording poor persons a means for enforcing their personal rights or redressing some wrong or injury personal to themselves.

The plaintiff in such a suit must swear that *he* is justly entitled to the redress sought. Whereas the action brought in this case is for the use of the State in part at least, and the object sought in addition to the recovery of the penalty is to punish the defendant for obstructing a public highway. So to the extent of one-half of the penalty to be recovered and in punishment of the offender, the plaintiff is not personally interested more than any other citizen.

We are of opinion, therefore, that the statutes allowing suit to be brought without security, were enacted to give poor persons a right to redress their personal and individual wrongs and to enforce such rights of a personal nature pertaining to themselves as individuals, as might be withheld.

The judgment of the circuit court was correct and will be affirmed.